BEARDSLEE v. CITIZENS' COMMERCIAL & SAVINGS BANK.

1. APPEAL—RECEIVERS—MORTGAGE FORECLOSURE.
   Upon affirmance in the Supreme Court of a decree directing
   the sale of mortgaged premises and the payment of the mort-
   gage debt, sufficient time having elapsed since the filing of
   the bill to permit of immediate advertisement and sale, the
   services of a receiver, appointed for the purpose in the court
   below, were dispensed with.

2. PARTNERSHIP—ACCOUNTING—PARTIES.
   The adjustment of the partnership affairs of complainants
   in a suit to compel the discharge of mortgages executed by
   the firm cannot be made in the suit, where the mortgagee is
   the only defendant.

Cross appeals from Genesee; Smith (George W.), J.,
presiding.    Submitted January 9, 1897.    Decided April
27, 1897.

Bill by Amzi Beardslee and others against the Citizens'
Commercial & Savings Bank to compel the discharge
of certain mortgages.    Defendant filed an answer in the
nature of a cross-bill, praying foreclosure of its lien.
From the decree rendered, all parties appeal.    Reversed.

*Newton & Gold* (*Clinton Roberts*, of counsel), for
complainants.

*Ed. S. Lee* (*James S. Parker*, of counsel), for de-
fendant.

HOOKER, J.    The complainants are partners, and own-
ers of a manufacturing plant and machinery and a quan-
tity of personal property.    At different times they gave
to the defendant three real-estate mortgages upon the
former and three chattel mortgages upon the latter.    So
far as the bill of complaint can be treated as a bill to com-
pel the discharge of these mortgages, we can agree with

the circuit court in chancery that all except the last given real-estate mortgage are fully paid and satisfied, and should be discharged. Beyond this we discover no equitable ground of relief against the defendant.

On the other hand, the testimony shows that the complainants are indebted upon the real-estate mortgage in the sum of $4,000, with interest at the rate of 7 per cent. from February 12, 1896, and that the same is due; that defendant also holds by assignment 40 shares of stock in the Capitol Investment, Building & Loan Association of Lansing, Mich., as additional security for said debt; and, while we cannot sustain the decree of the circuit court, which permits the receiver to sell and convey the interest of the defendant in the premises described, and the application of the proceeds to the payment of its debt, we are of the opinion that the cross-bill and evidence justify a decree that the defendant have foreclosure of said mortgage, and, in case the sale of said premises does not produce sufficient to pay said indebtedness and the costs and expenses attendant thereon, that the building and loan stock be subject to sale by the defendant according to the terms of its holding, to pay the deficiency arising from the sale of said real estate. This being the only relief that can be afforded as between the complainants and defendant, the adjustment of the partnership affairs cannot well be made in a suit where the bank is the only defendant. The partners being in entire harmony, we see no obstacle to their adjusting such matters without the intervention of a court.

While the decree of the circuit court appointing a receiver, and directing him to sell the mortgaged property, and pay the mortgage debt (which, we think, was the evident meaning of the decree), may have been justified by the bill filed by the complainants, if the defendant did not object, the lapse of time since filing the bill permits immediate advertisement and sale of the mortgaged premises, and renders the intervention of a receiver unnecessary, and of no benefit to either party.

We are of the opinion that the decree of the circuit court in chancery should be reversed, and a decree entered here in conformity to this opinion, the sale to be made upon the statutory advertisement after date of decree. The complainants will recover costs of both courts to the point of and including the entry of this decree, the same to be deducted from the amount of the defendant's claim as herein adjudicated. The defendant will be allowed to tax the costs and expenses of the sale and subsequent proceedings, the cause being remanded that the decree of foreclosure may be carried into effect.

The other Justices concurred.